We'll hear the last case on the calendar, Ranasinghe v. Kennell. Good morning, Your Honor. May I please support? My name is Premaral Ranasinghe. I'm the plaintiff appellant in this case. The district court's order should be reversed because the court has applied incorrect legal standard regarding the res judicata and also that I filed in 2013 July in the district court of Eastern District County, New York against the Great West and also the law firm Jones and the Popalacio. And the Popalacio case was dismissed for lack of personal jurisdiction. And the other case was remained in the court and subsequently I filed a case in Arizona District Court against the Popalacio and law firm. And this case from New York was transferred because of the witnesses was in Arizona. And then I filed a case in January 2016. It was originally filed in Supreme Court in the state of New York and then transferred to district court Southern District by the defendant's request. And then the defendants filed a motion to dismiss the case based on the res judicata and court reciprocal. The original case which was filed in 2013 has nothing to do with the 2016 case. The facts in the 2013 case is entirely different than the facts in the 2016 case. Because the 2016 case was based on the affidavit which was filed in 2015 before the Arizona District Court at the end of the attorney fees. And then the plaintiff did not have any opportunity to present against that affidavit because that affidavit established the previously filed affidavit by the Popalacio in the district court in Arizona was fraud. And the when the 2013 case was in the Arizona court, the defendant filed a motion of summary judgment. And the motion of summary judgment was attached with the defendant's Popalacio's affidavit. That was in the Popalacio affidavit he said that after the conversation with the plaintiff in 2009 he memorialized the statement. And then it was in his computer. And then the he filed he attached the that memorialized statement which was made in September 24th in 2014 which not reflecting the And that was I raised that I had not enough evidence at that time to go to the district court. But however I filed a motion to reconsider but court dismissed the motion based on that it was not clear. But thereafter I filed a couple of motions and the court tried to sanction me if you the motions regarding this matter. So I was completely stopped from that time. But what happened after that the defendant filed the attorney fees. And then the attorney fees at the end when I made when I requested when I repeatedly tried to make an argument the defendant attached affidavit from second affidavit from Popalacio which says that he made a mistake in the original memorandum which was a date of mistake. I just have an informational question. You are you trained in law though you are not a member of an American bar or are you not trained in law? I'm an attorney in Sri Lanka but I came to New York and then I went to New York law school. I tried to get the bar exam then I couldn't because of this case I had no time to then I couldn't complete. Just an informational question. Thank you. Thank you. So the answer was yes you are trained in the law but you have not taken the bar exam. I took the bar exam a couple of times but I didn't succeed. Thank you. This is what happened in the case. You're out of time. You have two minutes that you've saved for a rebuttal. Would you like to use them now or do you want to wait? I will make one minute to complete. The case. One minute now. Yeah. Okay. The original case is an entire different fact pattern and entire different base. That was the one is the breach of contract and other one was the legal malpractice which was the earlier case nothing to do with the fact pattern in the 2016. 2016 case was entirely based on the affidavit and the attorneys filing wrong the fraudulent legal fees regarding this case. So that is that is the why I filed the 2016 case. But when the when when when the case was filed a motion to dismiss the defendant did not give the court in entire real picture because the burden of proof with the with the defendant when he filed a motion dismissed regarding the the restudy card and cold arrestable. The it is a law is in this state as well as in Arizona because the case was in original Arizona. The same thing is here. The the the law is clear. The restudy card and cold arrestable cannot apply for subsequent proceeding after the original complaint. All right. Thank you. Thank you. You'll have a minute for rebuttal. We'll hear from the other side. Thank you and good morning your honors. May it please the court. My name is Patrick Cannell and I represent Great West Casualty Company and the New York attorney defendants. Mr. Rana singing has had his day in court. And then some no fewer than five times before filing this case. Mr. Rana singing raised and lost his fraud on the court claim. This case is about the affidavit that was addressed in the 9th that that's exactly right your honor. And this case is his sixth attempt to raise that same claim based on that very same affidavit. He doesn't allege a fraud in any other respect other than that affidavit which was an exhibit. To a summary judgment affidavit of one of the underlying defense lawyers. As I said he's had his day in court and it wasn't plausible then. And it's not plausible now. The district court correctly dismissed this action at the outset. We set it in our brief. Enough is enough. Enough of him resurrecting the same claim over and over again. Enough of using lawsuits and filings to try to extract some settlement. And enough of burdening the courts with having to sift through these filings to tell him not again. This was duplicative of the 9th circuit in Arizona district court cases. It's barred by the doctrines of res judicata and at least collateral estoppel. And as I said Judge Furman in the district court got it right. Properly dismissed the case. And also providently entered a pre-filing injunction which was very narrowly tailored to prevent Mr. Ranasinghe from going for a 7th try. And for those reasons your honor we ask respectfully that you affirm the January 2017 order of the district court in all respects. Unless your honors have any questions I'll yield. Thank you. We'll hear from your colleague. Good morning your honors. May it please the court. My name is Justin Vogel and I represent Joseph J. Papalesio and Joan Skelton and Hockley PLC, the Arizona law firm and individual defendant in this case. To further answer your honor's question earlier to my co-counsel here, Mr. Ranasinghe did have a full and fair opportunity to litigate the fraud in the court argument. I'd like to point your honors to where it is in the record, should you need further review. Starting at the appellant's record page 375, in his opposition to the motion for summary judgment in the Arizona breach of contract case, he argued that the plaintiff contends that the affidavit of Papalesio is a sham. And is made without personal knowledge and in violation of federal rule 56. Further pointing your honors to his motion for reconsideration on the motion for summary judgment. That's the appellant record at page 408. The point heading is, the motion to reconsider must be granted on the basis of manifest error as the defendant used an engineered document and the court relied on that document. Further examples found on the next page of the appellant record of 409 is that the defendant and his attorney committed fraud upon the court. I can keep going and further point out to your honors exactly where in the record it exists. But the fact of the matter is that Mr. Ranasinghe did have a full and fair opportunity to litigate his fraud arguments with regard to my client's affidavit. I would like to spend a minute now and just address another issue that was not initially raised by Mr. Ranasinghe at his appeal. But it is the personal jurisdiction arguments with respect to my clients. When Mr. Ranasinghe first filed suit back in 2013 in the Eastern District of New York, that was immediately dismissed because there was no personal jurisdiction with regard to either the law firm or Mr. Papalesio individually. Mr. Ranasinghe has now refiled in the Southern District of New York, or originally New York County, removed to the Southern District of New York. And the fact of the matter is that there remains no personal jurisdiction for the court- You understand that if there is no personal jurisdiction, then any action we take has to be without prejudice. I understand that, Your Honor. My clients understand that the Eastern District matter was dismissed without prejudice, which is why it was ultimately transferred and refiled by the plaintiff in Arizona. But the fact of the matter is that nothing has changed between now and then that would confer the jurisdiction of the courts of the state of New York, federal or state, to litigate these issues against my clients. I have no other comments at this time, unless Your Honors have any questions. Thank you. Thank you. One minute for rebuttal. Your Honor, this defendant, Mr. Patrick Cannell, just now he said that Ninth Circuit has already decided the affidavit of 2015. That is incorrect statement, Your Honor. The Ninth Circuit has only considered regarding the document that was filed in affidavit, the summary judgment, and this affidavit was not even filed at that time. And this was came only after filing the attorney fees, the motion for attorney fees by Mr. Patrick Cannell. And that affidavit attached Mr. Popolaz's affidavit. That stated that all the affidavit he has filed has a mistake. And then, so that statement, if you see the Ninth Circuit opinion, then there's nothing stated about the 2015 affidavit or Popolaz's affidavit. And other thing is, the motions filed by the Arizona District Court doesn't mention about any opinion regarding any of the affidavits for the 2015. So the issue was not even considered by the court. You're out of time. We have your briefs. We have your arguments. Thank you very much. Thank you. We'll adjourn at this session. I'll ask the clerk to adjourn. The court is adjourned.